UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE PAUL ZAMARIPA, | No.  2:21-cv-01790 AC |
| Plaintiff, | |
| v. | **ORDER** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED.  The matter will be reversed and remanded to the Commissioner for further proceedings.

////

////

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on June 25, 2019. Administrative Record ("AR") 170-71.[2] The disability onset date was alleged to be March 19, 2019. Id. The application was disapproved initially and on reconsideration. AR 99-102, 107-12. On October 15, 2020, ALJ Shiva Bozarth presided over the hearing on plaintiff's challenge to the disapprovals. AR 42-73 (transcript). Plaintiff, who appeared with counsel Anthony Gonzales, was present at the hearing. AR 42. Jeff Komar, a Vocational Expert ("VE"), also testified. Id.

On February 3, 2021, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 22-36 (decision), 37-41 (exhibit list). On August 5, 2021, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 8-11 (decision and additional exhibit list).

Plaintiff filed this action on September 19, 2021. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF No. 11. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 13 (plaintiff's summary judgment motion), 14 (Commissioner's summary judgment motion).

## II. FACTUAL BACKGROUND

Plaintiff was born on in 1968, and accordingly was, at age 50, a person closely approaching advanced age when he filed his application.[3] AR 74. Plaintiff has at least a high school education, and can communicate in English. AR 198, 200. Plaintiff worked as "down stream relief" in the production business from May of 1991 through March of 2019. AR 200.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the

---

[2] The AR is electronically filed at ECF No. 8 (AR 1 to AR 630).
[3] See 20 C.F.R. § 404.1563(d) ("person closely approaching advanced age").

2

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or

4

disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since March 13, 2019, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: degenerative disc disease; obesity; rheumatoid arthritis; neuropathy (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b). Specifically, the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk and sit for six hours in an eight-hour workday. He can frequently climb ramps and stairs, and occasionally climb ladders, ropes, and scaffolds. He can frequently balance, and occasionally stoop, kneel crouch, and crawl, and he can frequently reach and handle with his bilateral upper extremities. The claimant will require the use of a cane to stand or walk, which can be carried in his non-dominant upper extremity.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. [Step 5] The claimant was born [in 1968] and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. [Step 5, continued] The claimant has at least a high school education (20 CFR 404.1564).
>
> 9. [Step 5, continued] Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

      10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are job that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

      11. The claimant has not been under a disability, as defined in the Social Security Act, from March 13, 2019, through the date of this decision (20 CFR 404.1520(g)).

AR 24-36

As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 36.

## VI.  ANALYSIS

Plaintiff alleges that the ALJ erred by failing to provide legally sufficient reasons for finding the plaintiff not credible.  ECF No. 8 at 9.  Plaintiff argues the failure was harmful, and that the case should be remanded to the Commissioner for the correction of legal errors.  Id. at 19. In contrast, defendant argues that "the ALJ provided specific, clear, and convincing reasons that included the objective medical evidence, Plaintiff's course of treatment and the efficacy thereof, and Plaintiff's activities of daily living."  ECF No. 14 at 7.

    A.  <u>The ALJ Improperly Rejected Plaintiff's Subjective Testimony</u>

The ALJ improperly rejected plaintiff's subjective testimony regarding his pain and impairments.  Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted).  Objective medical evidence of the pain or fatigue itself is not required.  Id. (internal citations omitted).  Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so."  Id. (internal citations omitted).  The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily

6

activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Id. at 1016.

Here, plaintiff testified at his administrative hearing and submitted written statements regarding his pain and the limitations it causes. AR 48-66, 210-212. Plaintiff reported that he lives with his wife and two daughters. AR 55. He makes toast and sandwiches occasionally, but his daughters do most of the cooking. AR 55-56. He tries to wash clothes but cannot get them out of the dryer due to his back. AR 57. He has had his sciatic nerve burnt out and does not go to the grocery store and does not drive a car. AR 58-59. He uses a cane for balance because he has fallen. AR 60. He testified he has problems with his shoulders, has problems bending and reaching because of his back and shoulders, and can lift about a gallon of milk but no more. AR 62-64. He has had surgery on his back and takes Norco for his pain which causes him to get drowsy and takes naps during the day and other side effects included stomach pain, tiredness, drowsiness, dizziness, memory loss, and headache. AR 64-65. He does not wear shoes with shoelaces. AR 66.

The ALJ's opinion found that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 28. The ALJ then goes on to discuss the medical history. AR 28-32. Specifically addressing plaintiff's subjective testimony, the ALJ stated:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent with the medical evidence record that shows the claimant has some morning stiffness, but repeatedly normal physical examination findings as of at least June 11, 2020 (Exhibit 16F, pp. 19-24). While he denied being able to drive due to right foot drop, the record shows that although he has some difficulty getting in and out of a car, he requested a DVM placard (Exhibit 14F, pp. 7-8), and reported he was able to drive, perform household chores, dress, and cook (Exhibits 11F, pp. 45-48; 16F, pp. 7-8). Furthermore, there is no evidence in the record the claimant returned to surgeon Dr. Rahimifar for assessment of his right ankle weakness, and no diagnostic workup for right ankle weakness in the record. Although it is noted the

> claimant had nerve conduction studies/electromyogram in March 2020, the results are not in the record, and the claimant did not produce them when asked by his pain management provider at LAGS (Exhibit 16F, p. 17). Additionally, the claimant has been consistently noted by his providers to have a normal gait, while also using a cane.

AR 33.

The ALJ's reasons for discounting plaintiff's subjective testimony are legally insufficient. The ALJ failed to describe with any particularly how any of the above listed activities conflict with plaintiff's complaints of chronic pain. "An ALJ must identify the specific testimony that lacks credibility, provide clear and convincing reasons why the testimony is not credible, and identify the specific evidence in the record which supports the ALJ's determination." Talbot v. Colvin, No. SACV 14-1935 JC, 2015 WL 5826808, at *4 (C.D. Cal. Sept. 30, 2015). The ALJ's statement does not suffice because it does not identify what portion of plaintiff's subjective testimony is undermined by the purportedly "repeatedly normal physical examination findings." AR 33. The ALJ also noted without citing the record that providers "consistently noted" plaintiff's normal gait, even when walking with a cane. Id. General references to medical examinations are not enough, the ALJ was required to identify which findings in which parts of the medical record undermined specific portions of plaintiff's subjective testimony. The ALJ failed to provide a sufficient analysis.

To the extent the ALJ found that plaintiff less than credible because he obtained a DMV placard despite being reportedly unable to drive due to right footdrop and having difficulty getting in and out of the car, the analysis is lacking. AR 33. The ALJ does not explain how requesting a DMV placard is inconsistent with the inability to drive oneself or with difficulty getting in and out of a car. Id. The record the ALJ cites is a medical record from May 22, 2020 in which the record states in relevant part, "rt leg disabled – d/t lumbar spine-surgery-perm nerve damage, rt drop foot. REQUESTING DMV – forms be completed. Positive cane used." AR 494. A disabled parking placard is not facially inconsistent with the inability or limited ability to drive, or with difficulty getting in and out of a car.

To the extent the ALJ relies on plaintiff's activities of daily living to discount his subjective testimony, the analysis is also insufficient. The ALJ identifies driving, performing

household chores, getting dressed, and cooking as activities that undermine plaintiff's subjective pain complaints. AR 33. The ALJ fails to explain how the plaintiff's limited activities of daily living transfer to a work setting or undermine the credibility of his subjective testimony. The Ninth Circuit has held that "if a claimant 'is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (alteration in original) (emphasis in original) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). However, "[o]ne does not need to be 'utterly incapacitated' in order to be disabled." Id. (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)) (finding that activities such as walking in the mall and swimming are not necessarily transferable to the work setting with regard to the impact of pain as a claimant may do these activities despite pain for therapeutic reasons). "[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," and "[o]nly if the level of activity were inconsistent with [the claimant's] claimed limitations would these activities have any bearing on [the claimant's] credibility." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Here, the activities referenced by the ALJ, which are slightly exaggerated based on the testimony discussed above (occasionally making sandwiches and toast is not quite "cooking") do not obviously transfer to a work environment even when taken at face value.

Finally, the ALJ refences a medical record indicating that plaintiff did not provide his pain management provider a copy of his nerve conduction study. AR 33. The medical record in question is dated July 10, 2020 and contains a note stating "5/11/2020 encouraged to bring us EMG from 03/2020 report he's had done in Bakersfield." AR 556. It is unclear that plaintiff ultimately failed to bring the report, and even if he did, how plaintiff's failure to bring this report undermines his testimony.

C. Remand

The undersigned agrees with plaintiff that the ALJ's error is harmful and remand for further proceedings by the Commissioner is necessary. AR 17 at 16. An error is harmful when it

has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful; plaintiff's subjective testimony, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ failed to properly consider plaintiff's testimony. Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 14), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff and close this case.

DATED: November 9, 2022

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE